UNITED STATES v. P. E. ANDERSON & CO.

(Circuit Court of Appeals, Second Circuit. December 14, 1909.)

No. 99 (5,328).

1. CUSTOMS DUTIES (§ 24*)—CLASSIFICATION—"PRECIPITATED CHALK"—"MANUFACTURES."

The article produced by the artificial precipitation of chalk, and bolting and packing it in bags, is not "manufactures" of chalk, within the meaning of Tariff Act July 24, 1897, c. 11, § 1, Schedule A, par. 13, 30 Stat. 152 (U. S. Comp. St. 1901, p. 1627), but is chalk itself, and is dutiable under the provision in the same paragraph for "chalk artificially precipitated."

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 24.*

For other definitions, see Words and Phrases, vol. 5, pp. 4358–4364.]

2. CUSTOMS DUTIES (§ 24*)—"PREPARED FOR TOILET PURPOSES."

While, in the provision in Tariff Act July 24, 1897, c. 11, § 1, Schedule A, par. 13, 30 Stat. 152 (U. S. Comp. St. 1901, p. 1627), for chalk "prepared for toilet purposes," the preparation referred to is not, perhaps, such as is necessary to make a completed toilet article, there must be advancement toward use for toilet purposes, by the admixture of flavoring or other ingredients, or otherwise; and chalk that has been merely precipitated artificially, bolted, and packed in bags is not within that provision.

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 24.*]

CUSTOMS DUTIES (§ 17*) — CONSTRUCTION — LONG-CONTINUED PRACTICE — DOUBTFUL CASES.

While, in construing customs laws, consideration should be given the fact that there has been a long-continued practice in the assessment of an article of import, this circumstance should not control in what is not a doubtful case.

[Ed. Note.—For other cases, see Customs Duties, Cent. Dig. § 13; Dec. Dig. § 17.*]

Appeal from the Circuit Court of the United States for the Southern District of New York.

Appeal by the government from a decision of the Circuit Court, Southern District of New York, in a customs case. The merchandise consists of chalk precipitated artificially. It was assessed for duty by the collector under the following portion of paragraph 13 of the tariff act of 1897 (Act July 24, 1897, c. 11, § 1, Schedule A, 30 Stat. 152 [U. S. Comp. St. 1901, p. 1627]): "Chalk (not medicinal nor prepared for toilet purposes) when ground, precipitated naturally or artificially or otherwise prepared * * * one cent per pound." It was claimed by the importers in the protest to be dutiable under another provision of the same paragraph reading as follows: "Manufactures of chalk not specially provided for in this act, twenty-five per centum ad valorem." Alternative claims were also made that the merchandise was dutiable as an unenumerated manufactured article or as an unenumerated unmanufactured article. The Board of General Appraisers sustained the contention of the importers that the merchandise was dutiable as a manufacture of

chalk, following a decision of the Circuit Court, Southern District of New York (Lyon v. United States, 121 Fed. 204) made with respect to this identical kind of merchandise. The Circuit Court affirmed the action of the Board without opinion.

D. Frank Lloyd, Deputy Asst. Atty. Gen. (Charles D. Lawrence, of counsel), for the United States.

B. A. Levett, for the importers.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

NOYES, Circuit Judge (after stating the facts as above). The former decision of the Circuit Court holding that this article was a manufacture of chalk was rendered in 1903. No appeal was taken from the decision, and it was followed by the Treasury Department until the present importation. The importers are right in their contention that consideration should be given to this circumstance. Long-continued practice carries weight, and might be decisive in a doubtful case. But, notwithstanding the decision of the Circuit Court and the acquiescence therein, we cannot regard this as a doubtful case.

In the first place, it seems entirely clear that, whatever this merchandise may be, it is not a manufacture of chalk. It is not made from chalk. It *is* chalk. The process which it had gone through is only the process necessary to turn a chalky solution into chalk. It could no more be called a manufacture of chalk than could salt obtained from the evaporation of the ordinary saline solution be called a manufacture of salt.

If, then, the merchandise is not a manufacture of chalk, it is undoubtedly dutiable as an unenumerated manufactured or unmanufactured article, unless it comes within the provision of the chalk paragraph already referred to, which applies specifically to chalk precipitated artificially. And this article is chalk precipitated artificially. There would be no question about the application of the provision, were it not for the exception in it. The exception is of chalk "not medicinal nor prepared for toilet purposes." It is not claimed that this article is medicinal, so that the inquiry is whether it has been prepared for toilet purposes.

Now, after a careful examination of the evidence, we find nothing to warrant a finding that this merchandise has been prepared for toilet purposes. The preparation which it has gone through has been only such as has been necessary to prepare precipitated chalk for the market to be used for any purpose. We cannot think that bolting and packing precipitated chalk in bags prepares it for toilet purposes within the meaning of the statute. While the preparation referred to is not, perhaps, such as is necessary to make a completed toilet article, we think the bagged and bolted precipitated chalk must in some degree be advanced toward use for toilet purposes, by the admixture of flavoring or other ingredients or otherwise, before it comes within the exception of the act.

The decision of the Circuit Court is reversed.